ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 18 2000

NANCY DOHERTY, CLERK
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. <br><br> 3-00CV0815-M |

# COMPLAINT

Exxon Mobil Corporation ("Plaintiff"), for its complaint herein, alleges as follows.

1.  Plaintiff, as successor in interest to Exxon Corporation ("Exxon"), brings this complaint under sections 6532 and 7422 of the United States Internal Revenue Code (the "Code") (26 U.S.C. §§ 6532 and 7422), for recovery of federal income taxes and assessed interest paid by Exxon to the Defendant United States of America, and related statutory interest, for the calendar year 1976.

## THE PARTIES

2.  Plaintiff is a New Jersey corporation. Plaintiff's world headquarters is located at 5959 Las Colinas Boulevard, Irving, Texas 75039-2298. Plaintiff's principal business is, and at

all relevant times was, exploring for and producing crude oil and natural gas and refining, transporting, buying and selling petroleum and petroleum products.

3.  Plaintiff's Employer Identification Number is 13-5409005, which is reflected on all returns and claims described below.

4.  Defendant is the United States of America.

5.  The actions complained of herein were taken by representatives of the Commissioner of the Internal Revenue (the "Service").

## JURISDICTION AND VENUE

6.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1346(a)(1).

7.  Venue is proper within this District pursuant to 28 U.S.C. § 1402(a)(2) because plaintiff's principal place of business is within this judicial district.

## RELIEF SOUGHT

8.  Plaintiff seeks to recover a sum in excess of $192,000,000, together with interest thereon as provided by law, which sum represents an overpayment by Exxon of federal income taxes in excess of $71,000,000 and assessed interest in excess of $121,000,000 for its taxable year ended December 31, 1976.

9.  The refund Plaintiff seeks relates to the consolidated federal income tax return Exxon filed as the common parent of an affiliated group of corporations for the group's 1976 calendar taxable year. The return was timely filed with the Internal Revenue Service Center, Manhattan District, in New York, New York, on September 15, 1977.

10.  Thereafter, the Commissioner of Internal Revenue assessed deficiencies in federal income taxes and interest against Exxon for its 1976 year in the amounts of $150,317,269.67 ($65,928,426 in tax and $84,388,843.67 in interest) on December 18, 1985,

$42,525,034.38 ($15,186,088 in tax and $27,338,946.38 in interest) on December 22, 1987, $46,971,075.75 ($15,186,088 in tax and $31,784,987.75 in interest) on December 28, 1988, and $27,306,042.47 ($7,873,994 in tax and $19,432,048.47 in interest) on December 26, 1989. Exxon paid these deficiencies on December 30, 1985, December 31, 1987, December 30, 1988, and January 8, 1990, respectively.

11. Exxon timely filed a claim for refund with the Internal Revenue Service Center at Holtsville, New York, on June 5, 1990, for $121,426,851 in tax, a portion of which was attributable to a percentage depletion deduction for natural gas sold under long-term, fixed-price contracts during its 1976 tax year. This claim for refund satisfied the requirements of section 6511(c) of the Code. A copy of this refund claim is attached as Exhibit A.

12. Exxon timely filed a second claim for refund relating to its 1976 tax year with the Internal Revenue Service Center at Holtsville, New York, on January 8, 1992, for $523,935,903 in tax, a portion of which was attributable to a percentage depletion deduction for natural gas sold under an additional long-term, fixed-price contract during its 1976 tax year and a portion of which was attributable to deductions with respect to well-plugging, removal and restoration costs associated with offshore oil and gas platforms. This claim for refund satisfied the requirements of section 6511(c) of the Code. A copy of this refund claim is attached as Exhibit B.

13. The Service has not allowed Exxon's claims for refund of the tax relating to the percentage depletion deduction for natural gas sold under long-term, fixed-price contracts. More than six months has passed since the filing of the refund claims.

14.     Plaintiff's claim for refund of federal income taxes and interest pertaining to the percentage depletion deduction for natural gas sold under long-term, fixed-price contracts arises under the following circumstances.

    a.     During 1976, Exxon produced gas from properties in which it had an economic interest and sold the gas under contracts in effect on February 1, 1975.

    b.     The price of gas sold under these contracts could not be adjusted to reflect Exxon's increased tax liability due to the repeal of percentage depletion. I.R.C. § 613A(b)(3).

    c.     The gas sold under these contracts was transported or processed prior to sale and sold for a price that was less than the applicable "representative market or field price" for the gas as that term is defined in Treas. Reg. § 1.613-3(a).

    d.     Plaintiff is entitled to percentage depletion under sections 611, 613, and 613A of the Code based on the applicable representative market or field price for the gas. <u>Exxon Corp. v. United States</u>, 88 F.3d 968 (Fed. Cir. 1996); <u>Exxon Corp. v. United States</u>, 45 Fed. Cl. 581 (1999) (appeal pending).

    e.     The amount of percentage depletion claimed by Exxon with respect to each producing property does not exceed 50 percent of the "taxable income from the property (computed without allowance for depletion)" under section 613(a) of the Code and Treas. Reg. § 1.613-5(a). Exxon properly computed the "taxable income from the property" limitation as required by Treas. Reg. § 1.613-5(a) by subtracting from its "gross income from the property" as defined in section 613 of the Code and Treas. Reg. § 1.613-3(a) all allowable deductions (other

than any deduction for depletion) attributable to its oil and gas production operations on the property.

   f. The Service erroneously failed or refused to allow percentage depletion deductions computed in this manner.

  15. Exxon also claimed a deduction in its 1976 tax year with respect to well-plugging, removal and restoration costs associated with offshore oil and gas platforms, as described in more detail in its 1992 Claim for Refund, attached hereto as Exhibit B.  The Service has recently resolved this issue as part of a settlement that is subject to review by the Joint Committee on Taxation, as section 6405(a) of the Code requires.  Plaintiff raises this as a protective claim, solely to ensure that it has plead all claims that have not been formally allowed as of the time this Complaint is filed.  Plaintiff does not anticipate that it will be necessary for this Court to become involved in resolving this claim.

  16. By reason of the foregoing, Plaintiff has overpaid its federal income tax and interest for the year 1976.  Defendant has refused or failed to refund any part of the overpayment.

  17. Plaintiff is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

  WHEREFORE, Plaintiff prays for judgment against the United States exceeding the sum of $192,000,000, representing overpayments in tax and assessed interest thereon, with interest thereon as provided by law, and such other and further relief that this Court deems equitable and proper.

Respectfully submitted,

*[signature]*

Robert L. Moore II
Thomas D. Johnston
Emmett B. Lewis
Mark V. Holmes
Shane T. Hamilton
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 2005-5701
(202) 626-5800

*[signature]*

George C. Chapman
Thompson & Knight, LLP
1700 Pacific, Suite 3300
Dallas, Texas 75201

Counsel for Plaintiff

Of Counsel:

David J. Bolen
Exxon Mobil Corporation
800 Bell Street
Houston, Texas 77001